R. E. HUFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. E. B. HUFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 24594, 24595.   Promulgated August 7, 1930.

*Harry C. Weeks, Esq.*, for the petitioners.
*J. Arthur Adams, Esq.*, for the respondent.

OPINION.

MARQUETTE: The respondent disallowed the deduction claimed by the petitioners upon the ground that as the funds embezzled were

not the property of the petitioners, and as they were not called upon to make good the defalcation until 1921, no loss was sustained by them in 1920.

This precise question arose in *John H. Farish & Co.* v. *Commissioner*, 31 Fed. (2d) 79. In that case an employee embezzled funds held by his employer in trust, and the Circuit Court of Appeals held that the employer sustained no loss until a subsequent year, when he was called upon to make good the amount embezzled. Under authority of that decision we hold that the petitioners here did not sustain a deductible loss in 1920 by reason of Mabry's misappropriation of funds, which the petitioners replaced in 1921.

The petitioners further contend that, if they are not entitled to a loss deduction by reason of Mabry's embezzlement, they are entitled to a deduction as a bad debt, of all or at least one-half the amount repaid by Huff to the association. Under section 214 (a) (7) of the Revenue Act of 1918, deductions are allowed for " debts ascertained to be worthless and charged off within the taxable year."

At the close of 1920 the partnership of Huff & Mabry owed $25,000 to petitioner R. E. Huff. Ostensibly, that debt had been repaid to him a few months earlier, but as that payment had been made without authority from funds not owned by the debtor firm, but held in trust by it, and for which funds Huff was at all times legally responsible, we must conclude that there was no real satisfaction of the debt. At the close of 1920 an adverse and very damaging report had been published in the newspapers by the State Insurance Inspector of Oregon concerning the Wichita Great Western Underwriters. In the judgment of the petitioner Huff, the business of the Great Western Underwriters was doomed from the day the report became public. The only source of income to the firm of Huff & Mabry was the commissions paid to that firm by the Great Western Underwriters. With the Underwriters out of business, the partnership of Huff & Mabry would also be out of business and without income. The assets of the partnership at the close of 1920 were unknown and the amount thereof was not ascertained by petitioners until the following year. No portion of the debt was ascertained to be worthless until that time and in our opinion the petitioners are not entitled to any deduction for the year 1920 upon the ground that the debt of Huff & Mabry was ascertained to be worthless in part in that year. *Stranahan* v. *Commissioner*, 42 Fed. (2d) 729.

*Judgment will be entered for the respondent.*